**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **Criminal Action No. 08-00137-KD-M** |
| | ) | |
| **MONROE WHITFIELD,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

This action is before the Court on the defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 45)[1]

Effective November 1, 2014, the United States Sentencing Commission enacted Amendment 782 to the United States Sentencing Guidelines.  In general, Amendment 782 reduces the base offense levels assigned to particular controlled substance quantities in the Drug Quantity Table, U.S.S.G. § 2D1.1(c), and thus operates to reduce the applicable guideline ranges. The Commission has deemed Amendment 782 to apply retroactively.  *See* U.S.S.G. § 1B1.10(d).

Defendant moves the Court to apply the modified Sentencing Guidelines scheme effectuated by Amendment 782. Pursuant to 18 U.S.C. § 3582(c)(2), the Court is empowered to reduce the Defendant's sentence under these circumstances. *See generally United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003) ("[A]mendments claimed in § 3582(c)(2) motions may be retroactively applied *solely* where expressly listed under § 1B1.10(c).")[2] (emphasis in original).

---

[1] Defendant's request for a court-appointed attorney is denied.  Defendant does not have a statutory or constitutional right to appointed counsel to assist with the motion for reduction. *See United States v. Webb,* 565 F.3d 789, 794-95 (11th Cir. 2009); *United States v. Blaine,* 409 Fed.Appx. 253, 260 n.4 (11th Cir. 2010).
[2] Section 1B1.10(c) has been renumbered as § 1B1.10(d) by Amendment 782.

After review of the motion and all relevant factors prescribed by § 1B1.10 and Application Note 1(B), the Court has determined that a sentence reduction based on the amended guideline range may be appropriate in this case.  Defendant's original guideline range was 140 to 175 months.  However, the United States' motion for departure pursuant to U.S.S.G. § 5K1.1 was granted and the Court imposed a sentence of 90 months. (Doc. 33, 34, 36)

According to the revised guideline calculation prepared by the United States Probation Office, Defendant's revised guideline range is 120 to 150 months after retroactive application of Amendment 782.  Imposing a similar sentence, departing from the low-end of the guideline range by 36%, would result in a sentence of 77 months.

Accordingly, unless either party files a written objection on or before **January 30, 2015,** the Court will enter an order reducing the Defendant's term of imprisonment to **77 months, effective November 1, 2015.**  *See* U.S.S.G. § 1B1.10(e).[3]

DONE and ORDERED this the 30th day of December 2014.

/s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE

---

[3]  "(e) Special Instruction.-- (1) The court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later."